IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John D. Lynch, II, | C/A No.: 3:25-6311-CMC-SVH |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Frank Bisignano, | |
| Defendant. | |

John D. Lynch, II ("Plaintiff"), proceeding pro se, filed this complaint against Frank Bisignano, Commissioner of the Social Security Administration ("Defendant"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review the complaint for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends this case be dismissed without prejudice and without leave for further amendment.

I.   Factual and Procedural Background

Plaintiff filed a complaint on June 27, 2025, against TD Bank, Valery Rice, the Social Security Administration, and Crystal Slaymaker. [ECF No. 1]. On July 1, 2025, the undersigned issued a proper form order and an order and notice. [ECF Nos. 7, 8]. The order and notice advised Plaintiff that he had failed to plead sufficient facts to show the court had subject-matter jurisdiction over his claims

and had made insufficient allegations to state claims against the defendants. [ECF No. 8].

Plaintiff subsequently filed an amended complaint on a "Complaint for Review of a Social Security Disability or Supplemental Security Income Decision" form, naming only Defendant as the opposing party. [ECF No. 10]. He struck through the "Basis for Jurisdiction" section of the form requesting he indicate the claim type he was filing. *Id.* He wrote "Social Security check Direct Deposit not received." *Id.* In the section of the form for "Statement of Claim," Plaintiff wrote:

(1) Social Security Commissioner has not made a decision yet that plaintiff knows of.

(2) The Plaintiff's Twitter Account has been suspended due to non payment for which Elun Reed must be responsible by illegally stopping SS payment . . . by preventing on time Direct Deposit of Plaintiff's Social Security Check, his First Amendment Free Speech Rights have been prevented from exercise on Twitter.

*Id.* at 3–4. Plaintiff requested the court grant any relief that may be just and proper under the circumstances of this case. *Id.* at 5.

Following review of the amended complaint, the undersigned issued a second order and notice on July 8, 2025, advising Plaintiff that the amended complaint was subject to summary dismissal for lack of subject-matter jurisdiction. [ECF No. 15]. It permitted Plaintiff until July 29, 2025, to address the deficiencies through the filing of a second amended complaint. *Id.* A review of the docket reveals that Plaintiff has not filed a second amended complaint or otherwise responded to the court's second order and notice.

2

II.     Discussion

    A.     Standard of Review

Plaintiff has filed his suit pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The mandated liberal construction afforded to pro se pleadings means that if the court can

3

reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

    B.    Analysis

        1.    Failure to Prosecute

It is well established that a district court has authority to dismiss a case for failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). In addition to its inherent

authority, this court may also sua sponte dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id.* at 630.

Given Plaintiff's failure to respond to the court's July 8, 2025 second order and notice within the period permitted by the court, the undersigned concludes Plaintiff does not intend to pursue the above-captioned matter. Accordingly, the undersigned recommends this case be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

    2.    Lack of Subject-Matter Jurisdiction

Plaintiff's amended complaint is also subject to summary dismissal, as he fails to allege facts that invoke the court's subject-matter jurisdiction.

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick, MD*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189–90 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d, 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court.").

A federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Id.* at

5

352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "Although the absence of subject-matter jurisdiction may be raised at any time during the pendency of the case, determining jurisdiction at the outset of the litigation is the most efficient procedure." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

Plaintiff struck through the jurisdictional section of the complaint form and failed to include in the complaint any grounds for the court's jurisdiction. The two most recognized and utilized bases for federal court jurisdiction are (1) diversity of citizenship pursuant to 28 U.S.C. § 1332, and (2) federal question pursuant to 28 U.S.C. § 1331. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 nn.13–16 (1978). Plaintiff fails to allege facts that would suggest the court may exercise jurisdiction under the diversity statute.

The court has considered whether it may exercise jurisdiction under federal question jurisdiction. Pursuant to 42 U.S.C. § 405(g), "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the

6

Commissioner of Social Security may allow." Plaintiff does not indicate he received any final decision from the Commissioner after a hearing to which he was a party. In fact, he admits he is unaware as to whether Defendant has decided the issue. Therefore, Plaintiff's complaint does not suggest the court may exercise jurisdiction pursuant to § 405(g).

Because it seems the court does not have jurisdiction pursuant to 42 U.S.C. § 405(g), the undersigned has further considered whether Plaintiff's complaint should be construed as a request for a writ of mandamus. The Fourth Circuit has explained that "courts maintain jurisdiction over requests for a writ of mandamus if the plaintiff establishes that 'the administrative process normally available is not accessible' because the agency fails or refuses to act." *Evans v. Commissioner of Social Security Administration*, 670 F. App'x 156, 157 (Mem) (4th Cir. 2016) (quoting *U.S. ex rel. Rahman v. Oncology Assoc.*, P.C., 198 F.3d 502, 515 (4th Cir. 1999)). A review of Plaintiff's complaint reveals no assertion that the administrative process for challenging his failure to receive the direct deposit of his Social Security check was not accessible because Defendant failed or refused to act. Although Plaintiff alleged Defendant had not yet made a decision, he does not indicate which issue the Commissioner was considering or how or when he requested a decision from Defendant. Plaintiff also claims "Elun Reed must be responsible by illegally stopping SS payment," but he does not explain the relationship between Elun Reed and Defendant. Therefore, the

allegations in the complaint are insufficient to suggest the court has jurisdiction over it as a request for a writ of mandamus.

Finally, the undersigned has considered whether the court may exercise jurisdiction over Plaintiff's claim that a federal official has violated his First Amendment rights. Even if Plaintiff could point to a law or judicially created remedy for a violation of his right to free speech by a federal official, his claim is too attenuated, as it is not reasonably foreseeable that failing to directly deposit Plaintiff's Social Security benefits to his account would cause his Twitter account to be deactivated for nonpayment and his right to speech on Twitter to be impeded.

Given Plaintiff's failure to provide additional information that would indicate the court may exercise subject-matter jurisdiction over his claims, his case is subject to summary dismissal.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends this matter be dismissed without prejudice and without leave for further amendment.

IT IS SO RECOMMENDED.

August 4, 2025                                    Shiva V. Hodges
Columbia, South Carolina               United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).